IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY D. KISER, JR. | § | |
|     TDCJ-CID NO. 1708547 | § | |
| v. | § | C.A. NO. C-12-049 |
| | § | |
| RICK THALER | § | |

## OPINION DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is a state inmate currently incarcerated at the Telford Unit in New Boston, Texas who has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction. (D.E. 1). Pending is petitioner's motion for court-appointed counsel. (D.E. 14).

There is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues that mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Indeed, respondent has not yet been served let alone filed an answer.

Counsel will be assigned sua sponte if there are issues that mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for court-appointed counsel, (D.E. 14), is DENIED

without prejudice.

    ORDERED this 29th day of March 2012.

                                           _____
                                           BRIAN L. OWSLEY
                                           UNITED STATES MAGISTRATE JUDGE